Paul A. Tyrell (Bar No. 193798)
E-mail:     paul.tyrell@procopio.com
Sean M. Sullivan (Bar No. 254372)
E-mail:     sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff
Digital Map Products, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| DIGITAL MAP PRODUCTS, INC. ,<br><br>         Plaintiff,<br><br>v.<br><br>GEOREPLICA CORPORATION,<br><br>         Defendant. | Case No. _____<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Digital Map Products, Inc. for its Complaint against Defendant Georeplica Corporation, states and alleges as follows:

**THE PARTIES**

1.     Plaintiff Digital Map Products, Inc. ("Plaintiff" or "DMP") is a corporation that is organized under the laws of the State of Delaware, and which has its principal place of business in Irvine, California.

2.     Plaintiff is informed and believes and on that basis alleges that Defendant Georeplica Corporation ("Defendant" or "Georeplica") is a corporation that is organized under the laws of the State of Florida, with its principal place of business in Port St. Lucie, Florida.

## JURISDICTION AND VENUE

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1338 because the suit arises under the Copyright Act, Title 17 of the United States Code. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this District under 28 U.S.C. § 1400(a). Defendant purposefully directed activities by conducting business, including with Plaintiff, in this District. A substantial part of the events or omissions giving rise to the claim occurred in this District. A substantial part of property that is the subject of the action, namely Plaintiff's copyright is situated in this District, and Defendant was aware Plaintiff would suffer harm within this District.

## BACKGROUND FACTS

5. Plaintiff DMP is in the business of, among other things, selling its digital mapping products, which include original work, originally selected, compiled and arranged content and information such as geographic, cartographic, engineering, architectural, tabular, text, graphical, and/or other data and information.

6. Customers can purchase licenses to the digital mapping products created by DMP and use those products in a variety of ways in accordance with the limited scope of each license granted by DMP. Some examples of how DMP's digital mapping products can be used by its customers include the following:

   a. Government agencies can use DMP digital mapping products to aggregate and act upon civic data in order to work more efficiently and provide a higher level of service to their communities;

   b. Oil, gas & pipeline and energy sector companies can use DMP's precise accurate parcel, property and surface ownership data in order to make informed decisions about land acquisition for potential production, right-of-way concerns, and other location information to make decisions regarding land and property as it relates to their business;

c. Utility companies can use DMP's accurate parcel, property and surface ownership data in order to make informed land decisions involving acquisition potential, right-of-way issues, natural hazards and more, to make decisions and communicate with others;

d. Real estate and development businesses can use DMP products to locate and evaluate properties, land and assets for a variety of business purposes.

7. DMP does not sell its products to businesses that resell DMP's products in competition with DMP or allow its customers to sublicense its products in competition with DMP. To the extent that DMP grants any of its customers limited rights to resell or sublicense DMP's data, it does so pursuant to a form of agreement that is expressly identified as a reseller agreement and contains express terms and conditions that define and limit the scope of any authorized resale or sublicense rights granted to the particular customer.

8. DMP authored a work identified as the "*Digital Map Products SmartParcel National Coverage Database (excluding Florida)*" (hereinafter "SmartParcel").

9. SmartParcel is the result of extensive work and investment on the part of DMP, which has spent millions of dollars in its development. SmartParcel's content includes and is comprised of original work and reflects the original analysis and evaluation performed by DMP and its employees that sets DMP's product above and apart from its competitor's products. SmartParcel is among DMP's most valuable assets, and DMP generates millions of dollars in revenue by licensing SmartParcel and/or other products containing or incorporating parts thereof.

10. In June 2015, Georeplica purchased from DMP a limited license to use a copy of SmartParcel.

11. The license granted by DMP to Georeplica was limited, extending only to Georeplica's use of its copy of SmartParcel in its "GIS" (i.e., geographic information system) application.

12. A geographic information system, or "GIS", is a computer system for capturing, storing, checking, and displaying data related to positions on Earth's surface.

13. DMP did not grant Georeplica any right to copy, sublicense, distribute, engage in the resale of SmartParcel or create derivative works based on SmartParcel.

14. DMP did not grant Georeplica any right to sell or use SmartParcel in competition with DMP.

15. DMP did not grant Georeplica any right to grant sublicenses to third parties that compete with DMP.

16. Georeplica paid DMP an upfront payment in the amount of $290,000.00, and DMP delivered a copy of SmartParcel to Georeplica.

17. DMP is informed and believes and on that basis alleges that Georeplica has exceeded the scope of its limited right to use SmartParcel.

18. DMP is informed and believes and on that basis alleges that Georeplica has violated DMP's rights and caused harm to DMP by, among other things:

   a. creating copies of SmartParcel;
   b. selling and/or distributing copies of SmartParcel;
   c. engaging in the resale and/or sublicensing of SmartParcel;
   d. allowing third parties rights to use, copy and resell SmartParcel;
   e. purporting to grant rights to third parties allowing said third parties to use, copy and resell SmartParcel in competition with DMP;
   f. creating derivatives of SmartParcel;
   g. otherwise engaging in acts exceeding its limited right to use SmartParcel; and/or
   h. otherwise violating DMP's intellectual property rights with respect to SmartParcel.

4
COMPLAINT

19. DMP is informed and believes and on that basis alleges that Georeplica has made false, fraudulent and misleading statements to third parties regarding Georeplica's ownership and/or intellectual property rights with respect to SmartParcel.

20. DMP is informed and believes and on that basis alleges that Georeplica has caused third parties to believe that Georeplica has intellectual property rights with respect to SmartParcel that are equal to or superior to DMP's intellectual property rights.

21. The harm to DMP has been substantial. DMP is informed and believes that Georeplica has sold or licensed copies of SmartParcel in competition with DMP and that Georeplica and/or Georeplica's customers have used such unauthorized copies of SmartParcel to compete against DMP for business opportunities valued at hundreds of thousands of dollars. The full extent of Georeplica's wrongful actions and the extent of Georeplica's dissemination of SmartParcel is not yet known, and is believed to be ongoing. DMP believes that its damages resulting from Georeplica's infringing activities to date are in excess of $3,000,000.

22. DMP has notified Georeplica, in writing, that Georeplica's unauthorized distribution of SmartParcel is in violation of DMP's rights and in violation of the copyright laws of the United States. Despite receiving such notice Georeplica has refused to cease its unauthorized and infringing conduct.

## COUNT 1

*Copyright Infringement*

23. DMP fully incorporates each of the foregoing paragraphs as if set further herein.

24. DMP created an original work of authorship, fixed in a tangible medium, namely, its SmartParcel. DMP's SmartParcel is copyrightable subject matter under the laws of the United States. *See* 17 U.S.C. §101 et seq.

25. DMP complied in all respects with the Copyright Act, 17 U.S.C. §101 et seq., and with all other laws governing copyrights. DMP has tendered a complete application, along with the appropriate fee, to the Register of Copyrights, which the Register of Copyrights has received, in order to obtain a certificate of registration for SmartParcel, and thus DMP has met the registration requirement of section 411(a). DMP has been assigned U.S. Copyright Application No. 1-4825472031 for the application for registration of SmartParcel.

26. DMP is the sole owner of all rights, title, and interest in and to the copyright to SmartParcel. *See* 17 U.S.C. §§106, 501.

27. Georeplica has infringed DMP's copyright by doing the acts alleged hereinabove, including but not limited to:

    a. creating copies of SmartParcel;

    b. selling and/or distributing copies of SmartParcel;

    c. engaging in the resale and/or sublicensing of SmartParcel;

    d. allowing third parties rights to use, copy and resell SmartParcel;

    e. purporting to grant rights to third parties allowing said third parties to use, copy and resell SmartParcel in competition with DMP;

    f. creating derivatives of SmartParcel;

    g. otherwise engaging in acts exceeding its limited right to use SmartParcel; and/or

    h. otherwise violating DMP's intellectual property rights with respect to SmartParcel.

28. Despite being on notice of DMP's rights to SmartParcel, Georeplica willfully infringed plaintiff's copyrighted work.

29. DMP notified Georeplica that Georeplica had infringed DMP's copyright, but Georeplica has continued to infringe the copyright.

30. As a direct and proximate result of Georeplica's wrongful acts alleged above, Plaintiff DMP has suffered and hereby seeks an award of its actual damages to compensate it for the loss of profits that Georeplica has caused.  Georeplica has gained illicit profits while DMP is believed to have lost significant revenues and otherwise suffered damages in an amount to be determined according to proof at trial, but believed to be in excess of $3,000,000 to date.

31. DMP has and will continue to suffer irreparable harm unless and until Georeplica's infringing activities are enjoined.  Accordingly, DMP is entitled to and hereby seeks preliminary and permanent injunctive relief.

## COUNT 2

*Request for Preliminary Injunction*

32. DMP fully incorporates each of the foregoing paragraphs as if set forth herein.

33. Plaintiff seeks to enjoin defendant and its agents and representatives from engaging in the infringing activities alleged herein, specifically:

    a. creating copies of SmartParcel;

    b. selling or distributing copies of SmartParcel;

    c. engaging in the resale and/or sublicensing of SmartParcel;

    d. allowing third parties rights to use, copy and resell SmartParcel;

    e. purporting to grant rights to third parties allowing said third parties to use, copy and resell SmartParcel;

    f. creating derivatives of SmartParcel;

    g. otherwise engaging in acts exceeding its limited right to use SmartParcel;  and

    h. otherwise violating DMP's intellectual property rights with respect to SmartParcel.

34. Plaintiff also seeks to enjoin defendant and its agents and representatives from making false, fraudulent and misleading statements to third

parties regarding Georeplica's ownership and/or intellectual property rights with respect to SmartParcel and from causing third parties to believe that Georeplica has intellectual property rights with respect to SmartParcel that are equal to DMP's intellectual property rights.

35. There is a substantial likelihood that plaintiff will prevail on the merits. Georeplica obtained its copy of SmartParcel directly from DMP, the original author and owner of the copyright to SmartParcel. Comparisons of the infringing articles to DMP's SmartParcel will show that such are identical or minimal derivations of DMP's copyrighted work. Georeplica is not licensed to engage in the activities that DMP seeks to enjoin.

36. If the court does not grant a preliminary injunction, Georeplica will continue its activities that infringe DMP's SmartParcel copyright in direct competition with DMP.

37. DMP will likely suffer irreparable injury if the court does not enjoin Georeplica from infringing activities because Georeplica will continue distributing copies of the infringing articles, which cannot be retrieved, and which are being sent in direct competition with DMP to DMP's potential customers.

38. To allow Georeplica to continue engaging in the activities alleged herein while this action is pending would undermine DMP's copyright and would be contrary to the policies of the Copyright Act; DMP should not have to face competition from Georeplica in the sale and licensing of DMP's own product.

39. Georeplica will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction. It is not entitled to perform the infringing activities, and ceasing such activities will merely return the parties to the status quo.

40. Issuance of a preliminary injunction would not adversely affect the public interest. The public has an interest in maintaining DMP's rights, and avoiding the distribution of unauthorized works in competition with DMP.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff DMP respectfully requests judgment in its favor and against Defendant Georeplica as follows:

1) Defendant pay Plaintiff for actual damages in an amount to be determined at trial but believed to be in excess of $3,000,000, plus the amount of defendant's profits attributable to the infringement, or in the alternative, defendant pay plaintiff statutory damages, as authorized by 17 U.S.C. §504(c).

2) Defendant pay Plaintiff prejudgment and postjudgment interest, as authorized by law.

3) Defendant and its agents and representatives be enjoined during and after this suit from infringing plaintiff's copyright in any manner and from:

    a. creating copies of SmartParcel;

    b. selling or distributing copies of SmartParcel;

    c. engaging in the resale and/or sublicensing of SmartParcel.

    d. allowing third parties rights to use, copy and resell SmartParcel;

    e. purporting to grant rights to third parties allowing said third parties to use, copy and resell SmartParcel;

    f. creating derivatives of SmartParcel;

    g. otherwise engaging in acts exceeding its limited right to use SmartParcel; and

    h. otherwise violating DMP's intellectual property rights with respect to SmartParcel.

4) Defendant pay plaintiff additional damages for willfully infringing plaintiff's copyright, as authorized by 17 U.S.C. §504(c)(2).

5) For attorneys' fees.

6) For costs of suit.

7) Any and all other relief the court deems appropriate.

DATED: April 18, 2017

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Paul A. Tyrell
Paul A. Tyrell
Sean M. Sullivan
Attorneys for Plaintiff
Digital Map Products, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and L.R. 38-1, Plaintiff Digital Map Products, Inc. hereby demands a trial by jury on all issues so triable.

DATED: April 18, 2017

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Paul A. Tyrell
Paul A. Tyrell
Sean M. Sullivan
Attorneys for Plaintiff
Digital Map Products, Inc.